CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KATINA A. LIGHTFOOT,<br><br>          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          *Defendant.* | CIVIL NO. 6:07cv00007<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon the parties' cross-motions for summary judgment (docket nos. 10 and 12), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 18), and the parties' objections thereto (docket nos. 19 and 20). I referred this matter to the Honorable Michael F. Urbanksi, United States Magistrate Judge, for proposed finding of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate Judge filed his Report and Recommendation ("Report") on January 22, 2008, recommending that this Court enter an order granting Plaintiff Katina Lightfoot's motion for summary judgment to the extent that the Commissioner's final decision is not supported by substantial evidence, but denying it to the extent that it seeks reversal with entry of judgment in her favor, and remanding this case to the commissioner for further proceedings. Lightfoot and the Commissioner filed objections to the Report within ten days of its entry, obligating the Court to undertake a de novo review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

  After a careful examination of the parties' objections, the applicable law, and the administrative record, I hereby adopt the Report of the Magistrate Judge and remand this case to

the Commissioner for further proceedings consistent with the Report and this Memorandum Opinion.

## I. BACKGROUND

Katina Lightfoot, a 36 year old woman, claims disability resulting from the onset of relapsing-remitting multiple sclerosis ("MS"). Lightfoot filed for DIB and SSI on May 18, 2003. (R. 186.) Her application was denied initially (R. 29, 189) and upon reconsideration (R. 30, 190). Lightfoot then requested an administrative hearing, which was held on January 12, 2006. (R. 38.)

Based on the testimony of Lightfoot and the medical evidence of record, the ALJ determined that Lightfoot was not disabled within the meaning of the Act. (R. 23.) Lightfoot requested that the Appeals Council review the ALJ's decision (R. 18) and submitted new evidence with her request. (R. 194–196.) The Appeals Council rejected the new evidence, finding that it did not relate back to the adjudicatory period, declined further review of the case, and adopted the ALJ's decision. (R. 5–8.) Lightfoot now appeals from the Commissioner's final decision to this Court.[1]

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)

---

[1] Lightfoot's medical history is fully reviewed by Judge Urbanski in his Report. Neither party has objected to his statement of the facts.

Case 6:07-cv-00007-NKM-mfu    Document 23    Filed 05/19/08    Page 2 of 9    Pageid#: 153

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the Courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

The Commissioner raises two objections to the Report. First, the Commissioner argues that the Magistrate Judge erred in concluding that the ALJ's assessment of Dr. Estronza's medical opinion was not supported by substantial evidence. Second, the Commissioner argues that the Magistrate Judge erred when he found that the ALJ's assessment of Lightfoot's residual functional capacity was not supported by substantial evidence. Lightfoot objects to the Magistrate Judge's finding that the evidence submitted to the Appeals Council was properly rejected by the Commissioner.

*A. Dr. Estronza's Medical Opinion*

The ALJ determined at the fourth step of his evaluation that Lightfoot had "residual

Case 6:07-cv-00007-NKM-mfu Document 23 Filed 05/19/08 Page 3 of 9 Pageid#: 154

functional capacity to perform sedentary work." In reaching this conclusion, the ALJ did not find credible the opinion of Lightfoot's treating neurologist, Dr. Nordelli Estronza, that Lightfoot was disabled. The ALJ stated:

> Despite her claim of a debilitated lifestyle, the claimant testified that she is able to drive and take care of her two children, ages 9 and 4, with the former having been diagnosed with attention deficit hyperactivity disorder, for which it is serious enough that he is receiving disability benefits. She is also able to do household chores, engages in hobbies, such as internet and drawing, as well as pay bills, shop and attend religious services on a regular basis. Based on this, I do not find credible Dr. Estronza's assessment that the claimant is disabled as it lacks corroboration in the objective evidence of record.

(R. 26.)

Upon review, the Magistrate Judge determined that the ALJ's decision failed to give adequate consideration to the evidence and opinion provided by Dr. Estronza, concluding that "the absence of 'persuasive contrary evidence' in the ALJ's opinion suggests that Lightfoot's record contained insufficient evidence to support a decision on her claim." (Report at 14 (quoting *Mastro*, 270 F.3d at 178)) The Magistrate Judge recommended that the case be remanded to the Commissioner and that an independent neurological assessment be ordered pursuant to 20 C.F.R. §§ 404.1517, 416.917 in order to resolve any ambiguities in the medical evidence.

The credibility of Dr. Estronza's opinion is relevant because the opinion of a treating physician should be given controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro*, 270 F.3d at 178.[2] Therefore, an ALJ's decision is not supported

---

[2] Defendant argues that the Magistrate Judge misinterpreted *Mastro* as creating an obligation for the ALJ to identify "persuasive contrary evidence." Defendant submits that *Mastro* stands instead for the contrary proposition that the ALJ may give less weight to the opinion of a treating physician if that opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence." *Mastro*, 270 F.3d at 178.

As I read *Mastro*, both interpretations are essentially two sides of the same coin. If a treating physician's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record" then an ALJ would be obligated to accord that opinion controlling weight. *Id.* However, as the court in *Mastro* states, the corollary is that "[b]y negative implication, if a

- 4 -

by substantial evidence if he improperly disregards the well-founded opinion of a treating physician.

In this case, the ALJ determined that it was not necessary to accord Dr. Estronza's opinion controlling weight, because Dr. Estronza's opinion "lacks corroboration in the objective evidence of record." (R. 26.) The only explanation the ALJ gave for this conclusion was that Dr. Estronza's opinion was contradicted by Lightfoot's testimony that she cared for her children, performed household chores, engaged in hobbies, attended religious services and continued to drive. (R. 26.) The ALJ's justification is deficient in two respects: (1) it fails to reference any medical evidence contradicting Dr. Estronza's opinion, and (2) it does not adequately explain how Lightfoot's daily activities contradict Dr. Estronza's opinion.

The ALJ perceived a conflict between Lightfoot's daily activities and her claimed disability; however, he did not identify any other medical evidence in conflict with Dr. Estronza's opinion.[3] This oversight is particularly damaging considering that Dr. Estronza, as Lightfoot's treating neurologist, is the medical professional best qualified to render an opinion on Lightfoot's physical condition. Dr. Estronza has been Lightfoot's treating neurologist since 2004 and has seen her on numerous occasions. Over that period of time he has had an opportunity to observe the full range of Lightfoot's symptoms and develop an in depth knowledge of her condition. Dr. Estronza's extended observation of Lightfoot's symptoms assumes greater importance given the nature of Lightfoot's condition. Relapsing-remitting MS is characterized by symptoms that vary over time, therefore, long-term observation of a patient would be

---

physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*

[3] In his brief, the Commissioner raises alleged conflicts between Dr. Estronza's opinion and Dr. Estronza's treatment notes and also with the reports of two reviewing state agency physicians. However, the ALJ did not refer to any these alleged inconsistencies in his opinion. My review is limited to the whether the ALJ's decision, as written, is supported by substantial evidence. *See Craig*, 76 F.3d at 589 ("The issue before us, therefore, is not whether [plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.").

essential to form a full sense of the extent of disability.

The ALJ also failed to adequately explain in what manner Lightfoot's daily activity conflicted with Dr. Estronza's opinion. Although conflicts in the evidence are resolved by the Commissioner or his delegate, as a threshold matter there must first be a conflict in the evidence to resolve. Dr. Estronza stated that Lightfoot is able to "stand/walk" for up to 15 minutes and that she may sit for up to 1 hour at a time. (R. 181.) This evaluation is consistent with Lightfoot's own testimony that she is able to stand in one place for up to 30 minutes and may sit for up to 45 minutes, and it is also consistent with Lightfoot's stated activities. (R. 222.)

Furthermore, the ALJ did not explain whether he considered the varying intensity of Lightfoot's condition. Lightfoot testifies that on "good days" she is able to drive, do light housework, and prepare meals. (R. 209–13.) However on "bad days" Lightfoot's only activity is to drive her children to the bus stop "and then I'll go back home and I lay down on that couch and I put my feet up. That's pretty much it for that day. And, you know, whatever is not done I'm just sorry because I can't make it you know." (R. 214.) The ALJ thought it significant that Lightfoot "engages in hobbies, such as internet and drawing, as well as pay bills, shop and attend religious services." (R. 26). However, there is no evidence that Lightfoot engages in these activities when her MS is severe.

In light of Dr. Estronza's superior knowledge of Lightfoot's as her treating neurologist, the ALJ was obligated to explain more fully why he chose not to credit his opinion. In accordance with the Magistrate Judge's recommendation, the matter must be remanded for further development of the medical evidence and consideration of the weight to be given to Dr. Estronza's opinion as Lightfoot's treating physician.

Case 6:07-cv-00007-NKM-mfu Document 23 Filed 05/19/08 Page 6 of 9 Pageid#: 157

## B. Lightfoot's Residual Functional Capacity

The Magistrate Judge concluded that the Commissioner failed to carry his burden at the fifth step of the evaluation because the ALJ did not consider Lightfoot's non-exertional limitations of record. At step five of the evaluation process, the burden shifts to the Commissioner to come forward with evidence that the claimant retains the ability to perform work in the national economy. Typically, the Commissioner relies upon the Medical-Vocational Guidelines ("grids") to determine if there is work available in the national economy that the claimant can perform. However, if the claimant exhibits non-exertional limitations, the ALJ cannot rely exclusively on the grids, but must solicit testimony from a vocational expert regarding whether the claimant retains the ability to perform specific work in the national economy. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983); 20 C.F.R. §§ 404.1569a)d, 416.969a(d). In his Report, the Magistrate Judge concluded that the ALJ had failed to consider Lightfoot's non-exertional limitations and inappropriately applied the grids to find Lightfoot was not disabled.

The Commissioner argues that the ALJ implicitly made a finding that Lightfoot had no non-exertional limitations when he chose to apply the grids. The Commissioner's argument may be formally correct, but if there is evidence in the administrative record of non-exertional limitations, the ALJ is obligated to explain why he does not find that evidence credible. In this case, there is evidence in the administrative record that Lightfoot suffered from pain, fatigue, and poor memory. (R. 121, 149, 152–55, 168.) The ALJ failed to explain why this evidence was not credible, or why other evidence convinced him that Lightfoot's non-extertional limitations are not so severe as to preclude the application of the Medical-Vocational Guidelines. Because his decision is not supported by substantial evidence, the matter will be remanded for further

-7-

proceedings to determine whether Lightfoot suffers from non-exertional limitations.

### C. Additional Evidence

The Magistrate Judge found that the Appeals Council correctly rejected evidence submitted by Lightfoot after the ALJ rendered his decision. Upon review of the submitted evidence I concur with the Magistrate Judge.

The Appeals Council is obligated to consider additional evidence only when such evidence is new, material, and relates to the period on or before the date of the ALJ's decision. *Wilkins v. Sec'y of the Dep't of Health and Human Serv.'s*, 953 F.2d 93, 95–96 (4th Cir. 1991); 20 C.F.R. § 404.970(b). Evidence will be considered new and material if it is not duplicative and if "there is a reasonable possibility that the evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

The Magistrate Judge determined that the newly submitted evidence did not relate to the period at issue and was duplicative. Lightfoot objects, arguing that Dr. Estronza's statement of June 12, 2006 and the emergency room records from Bedford Hospital dated November 16, 2006, relate back to the period at issue. Lightfoot's argument is unpersuasive. Assuming these statements do in fact relate back to the relevant period, they are still duplicative of evidence already in the record. Therefore, Lightfoot's objection is denied.

### IV. CONCLUSION

After a careful review of parties' objections, the applicable law, the administrative record, and the Magistrate Judge's Report I hereby OVERRULE all objections to the Report, ADOPT the Report and Recommendation of the Magistrate Judge, GRANT Plaintiff's motion for summary judgment to the extent that the Commissioner's final decision is not supported by substantial evidence, but DENY it to the extent that it seeks reversal with entry of judgment in

her favor, and REMAND this case for further proceedings consistent with the Report and this Memorandum Opinion.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 19th Day of May, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE